**NORTON ROSE FULBRIGHT**

March 11, 2025

**VIA CM/ECF**

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York  10019-6022
United States of America

Honorable Mary K. Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Direct line +1 212 318 3361
sean.topping@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/12/2025

Re:  *In re Subpoenas to Leeds Equity Partners and Jacques Galante*
     Misc. No. 1:25-mc-00079 (S.D.N.Y.), *Related to UWorld, LLC fka USMLEWorld, LLC v. USMLE Galaxy, LLC DBA Archer Review and Tart Labs*, No. 3:23-cv-00447 (N.D. Tex.)

Dear Judge Vyskocil:

Pursuant to Rule 7.1(e) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the Southern District of New York's Sealed Records Filing Instructions, and Rule 9(B) of the Individual Rules of Practice in Civil Cases, UWorld, LLC ("UWorld") respectfully submits this letter requesting the sealing of certain materials in UWorld's Memorandum of Law in Opposition to the Motion to Quash (collectively, "UWorld's Memoranda").

"Although the right of public access to court records is firmly entrenched and well supported by policy and practical considerations, the right is not absolute." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). "Redaction may be appropriate to protect confidential information." *Fairstein v. Netflix, Inc.*, No. 20-CV-8042 (PKC), 2023 WL 6164293, at *1 (S.D.N.Y. Sept. 21, 2023). "Every court has supervisory power over its own records and files, and access [can be] denied where court files might have become a vehicle for improper purposes." *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995) (citation omitted).

UWorld seeks to file under seal the following materials (the "Proposed Sealed Materials"):[1]

- Statements from UWorld's Memorandum in Opposition to Leeds' Motion to Quash;
- Internal Communications by another potential acquirer of Archer Review; and
- Deposition Testimony of Dr. Karthik Koduru 31:18-22, 33:20-21, 38:17-21, 49:2-13, and 131:20-22.

Archer Review designated the Proposed Sealed Materials as highly sensitive under the Protective Order. UWorld's only interest in the sealing is to fulfill its obligations under the Protective Order.

---

[1] UWorld submits the requisite publicly filed document with proposed redactions and unredacted copy with the proposed redactions highlighted for its Response to the Motion to Quash.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

Honorable Mary K. Vyskocil
March 11, 2025
Page 2

**NORTON ROSE FULBRIGHT**

In support of a Motion to Seal the sentences describing the details of the Leeds transaction and Dr. Koduru's deposition testimony on the Leeds transaction, Archer Review filed:

> Pages 5, 6, and 13 of Archer Review's Opposition Brief and pages 19-22, 31-33, and 105-106 of the Dr. Koduru deposition contain information relating to the confidential details of the transaction with Leeds, which is not publicly known. Further, Dr. Koduru is obligated to keep the details of that transaction confidential pursuant to the transaction documents. *See* Dkt. 201 at App. 110-111. Leeds is not a party to this lawsuit and the public's right of access with respect to Leeds' contract with Dr. Koduru and his wife is limited. Protecting the confidential information of these third parties outweighs the public's right of access. Finally, the Leeds transaction has no relationship to UWorld's claims or defenses or to Archer Review's counterclaim related to a different third-party transaction.

*UWorld, LLC fka USMLEWorld, LLC v. USMLE Galaxy, LLC DBA Archer Review and Tart Labs*, No. 3:23-cv-00447 (N.D. Tex.), Dkt. 228. Pages 38, 49, and 131 of the Koduru deposition further include more testimony regarding the Leeds contract and the various financial analyses involved with the valuation of Archer Review. None of the testimony is publicly known.

Another potential acquirer produced its internal communications and analysis of Archer Review. The potential acquirer is a non-party to this case who was involved in a previous attempted acquisition of Archer Review. The document includes the potential acquirer's own internal directives regarding the potential acquisition. It is not publicly known and provides detail regarding the acquirer's analysis procedures and involves other entities unrelated to the underlying litigation. *UWorld, LLC fka USMLEWorld, LLC v. USMLE Galaxy, LLC DBA Archer Review and Tart Labs*, No. 3:23-cv-00447 (N.D. Tex.), Dkt. 105 (sealing similar information).

Accordingly, UWorld respectfully requests that the Court grant permission to file under seal the Proposed Sealed Materials.

Respectfully submitted,

/s/ Sean M. Topping
Sean M. Topping

Partner

ST

**GRANTED
SO ORDERED.
The Clerk of Court is respectfully requested to close the motion at ECF No. 26.**

Date: 3/12/2025
New York, New York

*Mary Kay Vyskocil*
Mary Kay Vyskocil
United States District Judge