Nathan Taylor
Direct Dial: +1.212.906.1315
nathan.taylor@lw.com

**LATHAM & WATKINS LLP**

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/17/2025
```

March 18, 2025

**VIA ECF**

Hon. Mary K. Vyskocil
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse 500 Pearl Street, Room 2230
New York, New York 10007-1312

Re: *In re Subpoenas to Leeds Equity Partners and Jacques Galante* (1:25-mc-00079-MKV); Letter-Motion to Seal Exhibit 7 to Declaration (ECF No. 3-7)

Dear Judge Vyskocil:

On behalf of Leeds Equity Partners and Jacques Galante ("Movants"), we write pursuant to Rule 9(b) of Your Honor's Individual Practices in Civil Cases to respectfully request that Exhibit 7 ("Leeds Notice of Deposition") attached to the Declaration of Nathan Taylor in Support of Movants' Motion to Quash or Modify Subpoenas (ECF No. 3-7) remain under seal due to certain confidential information contained therein.

The common law right of public access to judicial documents is not absolute. *See, e.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed" and balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000); *Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110, 116–20 (2d Cir. 2006). Sensitive business information, such as "trade secrets, confidential research and development information, marketing plans, revenue information, [and] pricing information" is regularly found to satisfy the sealing standard. *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (citation omitted); *see also GoSmile, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (sealing documents containing proprietary material concerning the party's marketing strategies, product development, costs and budgeting). And when documents are "submitted in connection with a discovery motion, rather than a dispositive motion, the presumption of access is entitled to only 'modest' weight, because the resolution of a discovery motion does not require the Court to 'analyze the merits of the parties' claims or defenses.'" *In re*

**LATHAM&WATKINS**LLP

*New York City Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247, 253 (S.D.N.Y. 2022).

      The Leeds Notice of Deposition contains Archer Review's confidential business information, referring to details of a failed acquisition of Archer Review that are not public and to names of Archer Review's institutional customers which are likewise not public. Attached to this letter-motion is Exhibit A, which proposes redactions that are narrowly tailored and relate to the type of information courts regularly permit to be sealed. *See Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-cv-1308 (RJS), 2016 WL 1276450, at *11–12 (S.D.N.Y. Mar. 29, 2016) (allowing party to redact exhibits that included references to merger discussions, to the extent those documents were not otherwise in the public record). These details are not public[1] and are treated as confidential in the UWorld/Archer Litigation.

      Movants respectfully request that the Leeds Notice of Deposition remain under seal and that the Court permit the requested redactions as set forth in Exhibit A. We thank the Court for its consideration.

Respectfully submitted,

*/s/ Nathan Taylor*
Nathan Taylor
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)

---

GRANTED PROVISIONALLY. ECF NO. 3-7 SHALL BE SEALED PROVISIONALLY UNTIL THE RESOLUTION OF MOTION PENDING AT ECF NO. 1. SO ORDERED.

Date: 4/17/2025
New York, New York

Mary Kay Vyskocil
United States District Judge

---

[1] UWorld never informed Leeds that the notice contained non-public information when UWorld served the notice.